# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KATHLEEN PAINE, as guardian of the estate of CHRISTINA ROSE EILMAN, a disabled person, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, and JOHN AND JANE DOES, unknown officers, agents, servants and/or employees of the CHICAGO POLICE DEPARTMENT, <br><br> Defendants. | No. 06 C 3173 <br><br> Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on "Plaintiff's Motion for Clarification and Reconsideration of the Order Partially Granting Defendant, City of Chicago's Motion to Bar Discovery" [Doc. No. 105]. For the reasons set forth below, the relief requested in Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff Kathleen Paine, mother and guardian of the estate of Christina Rose Eilman, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") and Illinois common law against the City of Chicago (the "City") and unnamed individual police officers involved in the arrest, detainment, and release of her daughter. Plaintiff's three-count complaint alleges the following claims:

a. Count I—"1983 Action Against John and Jane Doe Chicago Police Officers for Deliberate Indifference to Medical Needs" (Compl. at 8.);

   b. Count II—"1983 Action (Monell Claim) Against the City of Chicago" (Compl. at 9.); and

   c. Count III—Supplemental State Law Claim for Willful and Wanton Conduct Against Defendants City of Chicago and John and Jane Doe Chicago Police Officers" (Compl. at 11.)

On December 22, 2006, this Court bifurcated Count II from Counts I and III, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Plaintiff has moved for this Court to reconsider this ruling. A motion to reconsider is proper to correct manifest errors of law or fact, or to present newly-discovered evidence. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is not available for arguments that have already been raised and rejected, or for arguments that could have been previously offered. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995).

## DISCUSSION

Plaintiff's motion for reconsideration is improper because Plaintiff (a) identifies no manifest error of law or fact, nor presents any newly-discovered evidence, (b) raises arguments that fail to comport with United States Supreme Court and Seventh Circuit precedent, and (c) offers arguments that already have been raised and rejected by this Court.

Plaintiff's principal argument is that this Court committed a manifest error of law because it failed to recognize "established case law" that holds that a plaintiff can still maintain a valid *Monell* cause of action even when the individual officers are not found liable for constitutional violations. (Pltf's Mot. for Reconsideration at 6.) Plaintiff's motion for

reconsideration is improper because, as Plaintiff concedes, she "has not found a Seventh Circuit case exactly on point applicable to this particular situation." (Pltf's Mot. for Reconsideration at 7.) A "manifest error" is defined as a "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" on the part of the court. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)). Since Plaintiff concedes that no controlling Seventh Circuit authority exists to support her position there has been no "manifest error of law" committed by this Court.

Even with this concession, Plaintiff goes on to argue that a manifest error of law occurred because this Court did not, as Plaintiff suggested, "follow the well-reasoned decisions of other circuits holding *Heller* inapplicable." *Id*. Not only is this an invalid basis for filing a motion for reconsideration, the law in the Seventh Circuit is inapposite.

In *City of Los Angeles v. Heller*, 475 U.S. 796 (1986)*,* the United States Supreme Court concluded that "neither *Monell v. New York City Dept. of Social Services* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional injury." 475 U.S. at 799. Relying on *Heller*, this Court bifurcated Count II of Plaintiff's complaint from Counts I and III. In addition to *Heller*, the law in the Seventh Circuit supports this Court's decision. In *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000), the Seventh Circuit held that "it is well established in this Circuit that a municipality's liability for a constitutional injury requires a finding that the individual officer is liable on the underlying substantive claim." (citations omitted). Importantly, in a case addressing the "failure to train"

and "failure to implement" claims raised under the instant complaint,[1] the Seventh Circuit found that "[a]s for the claim of municipal liability, a plaintiff must prove that the individual officers are liable on the underlying substantive claim in order to recover damages from a municipality under either a failure to train or failure to implement theory." *Windle v. City of Marion, Indiana*, 321 F.3d 658, 663 (7th Cir. 2003) (citations omitted).

At the heart of Plaintiff's motion for reconsideration is her reliance upon the Eighth Circuit's decision in *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002). In *Speer,* the Eighth Circuit opined that the combined actions of employees may give rise to *Monell* liability even though the individual actions of those employees do not rise to the level of a constitutional violation. *Id*. at 986. While *Speer* does contemplate the possibility of liability on a "collective action" theory, neither the United States Supreme Court nor the Seventh Circuit has so held. The Seventh Circuit in its *Windle* decision is on point and nothing raised by the Plaintiff's reliance on other circuit authority compels a finding that this Court committed error. This Court is bound by the law of the Seventh Circuit and would be in error to ignore this precedent.

Along similar lines, the Plaintiff asserts that the Court failed to adequately address the Supreme Court's decision in *City of Canton v. Harris*, 489 U.S. 378 (1989). Plaintiff's motion for reconsideration on this basis is also improper because it renews arguments already raised and rejected by this Court. Relying on the United States Supreme Court's decision in *City of Canton*, Plaintiff argues "[i]t is well established that even if the individual defendants are successful in

---

[1] Count II seeks relief from the City under theories of failure to train/failure to implement. (*See* Compl. ¶ 42; *see also* Plaintiff's Response in Opposition to Defendant City of Chicago's Motion to Bar Discovery and Trial of 'Policy' Issues on § 1983 Claims Against the City at 1-2) ("A review of Count II of the Complaint reveals that the basis of Plaintiff's *Monell* claim is the City's police department's inexcusable and purposeful failure to properly train police officers to identify and respond to pre-trial detainees who exhibit obvious signs of mental illness and the City's failure to implement existing policies which mandate Chicago police officers transport persons revealing obvious signs of mental illness to a designated mental health facility as opposed to a police lock-up").

showing they did not violate Christina Eilman's rights, Plaintiff *still* has a viable cause of action against the City." (Pltf's Response in Opposition to Defendant City of Chicago's Motion to Bar Discovery and Trial of 'Policy' Issues on § 1983 Claims Against the City, at 10-11; *see also* Pltf's Mot. for Reconsideration, at 6.)

Plaintiff's reliance on *City of Canton* is misplaced. *City of Canton* addressed the question of whether an assumed constitutional violation could be attributed to a municipality. In *City of Canton*, the Supreme Court held that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." 489 U.S. at 388. However, in reaching this holding, the Court noted it had assumed that the respondent suffered an underlying constitutional deprivation:

> [t]he "deliberate indifference" standard we adopt for § 1983 'failure to train' claims does not turn upon the degree of fault (if any) that a plaintiff must show to make out an underlying claim of a constitutional violation. For example, this Court has never determined what degree of culpability must be shown before the particular constitutional deprivation asserted in this case—a denial of the due process right to medical care while in detention—is established. . . . petitioner has conceded that, as the case comes to us, <u>we must assume that respondent's constitutional right to receive medical care was denied by city employees</u>.

Id. at n.8. (emphasis added).

Finally, Plaintiff argues that this Court's December 22, 2006 order exceeded its authority as a magistrate judge. Under 28 U.S.C. § 636(b)(1) a magistrate judge's authority in this context is defined under the following parameter:

> (A) a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or to permit maintenance of a

> class action, to dismiss for failure to state a claim upon which
> relief can be granted, and to involuntarily dismiss an action.

This Court's order of December 22, 2006 did not dispose of any of the Plaintiff's claims. The December 22, 2006 order bifurcated the individual defendant's liability from the *Monell* claims. The decision as to whether the *Monell* claims will go forward will be left to the district court. As such, Plaintiff's argument that this Court exceeded its authority is unsupported.

## **CONCLUSION**

For the foregoing reasons, the relief requested in "Plaintiff's Motion for Clarification and Reconsideration of the Order Partially Granting Defendant, City of Chicago's Motion to Bar Discovery" [Doc. No. 105] is DENIED. Plaintiff's motion for reconsideration is improper because Plaintiff (a) identifies no manifest error of law or fact, nor presents any newly-discovered evidence, (b) raises arguments that fail to comport with Seventh Circuit precedent, and (c) raises arguments that already have been raised and rejected by this Court. Additionally, Plaintiff's request for "affirmation and clarification with respect to her ability to pursue her state claim" (Pltf's Mot. for Reconsideration, at 2), is unnecessary because this Court's December 22, 2006 order is clear: Count II is bifurcated from Counts I and III.

**SO ORDERED.**  **ENTERED:**

**Dated: February 28, 2007**

                                             **HON. MARIA VALDEZ**
                                             **United States Magistrate Judge**