IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN PAINE, as Guardian of the Estate of CHRISTINA ROSE EILMAN, a Disabled Person, Plaintiff, | ) ) ) ) |
| v. | ) No. 06 C 3173 ) |
| OFFICER JEFFREY JOHNSON, OFFICER, RICHARD CASON, OFFICER ROSENDO MORENO, LIEUTENANT CARSON EARNEST, SERGEANT DAVID BERGLIND, DETENTION AIDE SHARON STOKES, OFFICER TERESA WILLIAMS, DETENTION AIDE CYNTHIA HUDSON, DETENTION AIDE CATONIA QUINN, OFFICER DEBORAH MABERY, OFFICER PAMELA SMITH, OFFICER BENITA MILLER, OFFICER PAULINE HEARD, and CITY OF CHICAGO, a municipal corporation, Defendants. | ) Judge Virginia Kendall ) ) Magistrate Judge Maria Valdez ) ) ) ) ) ) ) ) ) ) ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Richard Cason, Rosendo Moreno, Carson Earnest, David Berglind, Sharon Stokes, Teresa Williams, Cynthia Hudson, Catonia Quinn, Deborah Mabery, Pamela Smith, Pauline Heard, and the City of Chicago, by their attorney, and pursuant to Fed. R. Civ. P. 56, move this Court for summary judgment on all remaining claims alleged against them in Plaintiff's Third Amended Complaint. In support thereof, Defendants state as follows:

1. Plaintiff Kathleen Paine, as Guardian of the Estate of Christina Eilman, seeks redress under 42 U.S.C. §1983.

2. On November 7, 2008, this court dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), all of Plaintiff's claims, except those discussed below.

3. In remaining Counts II, VI, X, XV, XVIII,, XX, XXII, XXIV, XXVI, XXVIII, and XXXII, Plaintiff alleges that Defendants violated Eilman's Fourth Amendment rights when they acted with deliberate indifference to Eilman's medical needs. Because

Christina Eilman was a pretrial detainee, this court held that the Fourth Amendment's "objectively reasonable standard" applies to these Counts.

4. In remaining Count XXXIV, a "DeShaney" action, Plaintiff alleges that Defendant Heard violated Eilman's Fourteenth Amendment rights by creating or increasing a danger that Eilman faced.

5. The City is entitled to summary judgment on all claims for which the Court grants summary judgment to any individual defendant because the City's liability, under Count XXXVIII (Plaintiff's "Monell" claim), is derived from the liability of the individual defendants.

6. Defendants move for summary judgment on all remaining claims pursuant to Fed. R. Civ. P. 56.

7. Summary judgment is proper as to Counts II, VI, X, XV, XVIII,, XX, XXII, XXIV, XXVI, XXVIII, and XXXII because Defendants' decision to deny Eilman medical care while she was in custody was objectively reasonable and, therefore, did not violate Eilman's Fourth Amendment rights.

8. Moreover, summary judgment is proper as to Counts II, VI, X, XV, XVIII,, XX, XXII, XXIV, XXVI, XXVIII, and XXXII because Defendants' decision to deny Eilman medical care while she was in custody was not the proximate cause of her injuries.

9. Summary judgment is proper as to Count XXXIV, the "DeShaney" action, because Officer Heard did not place Eilman in danger or increase the danger that Eilman faced; as such, Heard did not violate Eilman's rights under the Fourteenth Amendment.

10. Even if any individual defendants violated Eilman's constitutional rights, summary judgment is proper because the individual defendants are entitled to qualified immunity.

11. Defendants are entitled to qualified immunity because no law exists which could have put Defendants on notice, under this set of facts, that failing to provide medical care to Eilman or giving her directions out of the parking lot were unconstitutional acts. As such, Defendants did not violate Eilman's clearly established rights and are entitled to qualified immunity.

12. There being no genuine issue of material fact as to any remaining claims alleged in the Third Amended Complaint, the Defendants are entitled to summary judgment as a matter of law.

13. Defendants have simultaneously filed a Local Rule 56.1(a)(3) statement of uncontested facts and memorandum in support of this motion for summary judgment.

14. Defendant City of Chicago has also filed, separately, a motion for summary judgment, memorandum of law, and Rule 56.1 (a)(3) statement with respect to the plaintiff's ADA claim brought in Count XXXIX of her Third Amended Complaint.

WHEREFORE, for the reasons stated herein and in their memorandum in support of summary judgment, Defendants Richard Cason, Rosendo Moreno, Carson Earnest, David Berglind, Sharon Stokes, Teresa Williams, Cynthia Hudson, Catonia Quinn, Deborah Mabery, Pamela Smith, Pauline Heard, and the City of Chicago request that this Court grant summary judgment in their favor and against the Plaintiff, and for such other relief as the Court deems appropriate.

Respectfully submitted,

| Individual Defendants | | City of Chicago |
|---|---|---|
| By: /s/ Matthew A. Hurd<br>Matthew A. Hurd<br>Deputy Corporation Counsel<br>Attorney Number 6191532 | | By: /s/ Jordan Marsh<br>Jordan Marsh<br>Special Litigation Counsel<br>Attorney Number 6216489 |

30 North LaSalle, Suite 1720
Chicago, Illinois 60602
(312) 742-0234