IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN PAINE, as Guardian of the Estate of CHRISTINA ROSE EILMAN, a Disabled Person, | ) ) ) ) | |
| | ) | Case No. 06 C 3173 |
| Plaintiff, | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| OFFICER JEFFREY JOHNSON, OFFICER, RICHARD CASON, OFFICER ROSENDO MORENO, LIEUTENANT CARSON EARNEST, SERGEANT DAVID BERGLIND, DETENTION AIDE SHARON STOKES, OFFICER TERESA WILLIAMS, DETENTION AIDE CYNTHIA HUDSON, DETENTION AIDE CATONIA QUINN, OFFICER DEBORAH MABERY, OFFICER PAMELA SMITH, OFFICER BENITA MILLER, OFFICER PAULINE HEARD, and CITY OF CHICAGO, a municipal corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Paine ("Paine"), as Guardian of the Estate of Christina Rose Eilman ("Eilman"), filed this suit against the City of Chicago and various members of the Chicago Police Department (collectively, "Defendants"), alleging violations of Eilman's constitutional rights and violations of federal and Illinois law. As more fully set forth in this Court's Memorandum Opinion and Order dated February 22, 2010, Paine brings this suit on behalf of Eilman, her daughter, for injuries that Eilman incurred after the Chicago Police Department released her from custody. Paine has now moved to exclude all or parts of the proposed testimony of eight expert witnesses. Defendants have moved to exclude all or parts of the proposed testimony of seven expert witnesses.

For the reasons set forth below, Paine's Motion to Bar the Testimony of Matthew Sorrentino is granted.

## STANDARD OF REVIEW

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 ("Rule 702") and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Seventh Circuit has developed a three-step admissibility analysis for expert testimony under Rule 702 and *Daubert*. *See Ervin*, 492 F.3d at 904. First, "the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education.'" *Id.* (quoting Fed.R.Evid. 702). Second, "the expert's reasoning or methodology underlying the testimony must be scientifically reliable." *Id.* (citing *Daubert*, 509 U.S. at 592-93). Courts are, however, granted "broad latitude when [they] decide[] *how* to determine reliability." *Kumho Tire Co. v. Carmichael*, 526 U.S 137, 142 (1999). Finally, the expert's testimony must be relevant, or "assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin*, 492 F.3d at 904.

## DISCUSSION

**I. Paine's Motion to Bar the Expert Testimony of Dr. Matthew Sorrentino**

Dr. Matthew Sorrentino ("Sorrentino") is an expert cardiologist who proposes to testify that Eilman did not suffer from a heart murmur prior to, during, or after her time in Chicago, and that she had never been diagnosed as having such a murmur. Paine moves to bar this testimony, arguing

that it is irrelevant, will not assist the trier of fact in understanding a fact at issue, and is duplicative of the planned testimony of Eilman's treating physician, Dr. Julie Baur ("Baur").

### A. Qualifications

Paine does not contest Sorrentino's qualifications to testify as an expert in the medical field of cardiology. On the basis of Sorrentino's education and experience as described in his deposition testimony, the Court finds him to be so qualified. (*See* R. 550, Ex. B, Deposition Testimony of Dr. Matthew Sorrentino at 8-10) (hereinafter "Sorrentino Dep.") (describing Sorrentino's education, experience, and current clinical and teaching activities).

### B. Methodology

Sorrentino's report states that his opinions were based on his review of Eilman's medical records and upon Baur's deposition transcript. Paine does not argue that the bases for his opinions were insufficient or that his methodology was unsound, and the Court finds that medical records and the testimony of treating physicians are materials upon which testifying medical experts may reasonably rely. *See, e.g., Arnold v. Barnhart*, 473 F.3d 816, 819-20 (7th Cir. 2007) (administrative law judge properly relied upon the expert opinions of a doctor who testified on the basis of medical records and treating physician's report).

### C. Relevance

Paine argues that Sorrentino's testimony should be barred because it is irrelevant, as Paine does not contest the substance of his opinion that Eilman did not have a heart murmur and had never been diagnosed with one. *See* Fed. R. Evid. 401 ("relevant evidence" is that evidence which affects the probable existence of any consequential fact). Defendants assert that the testimony is relevant because his testimony undermines Paine's allegation that Eilman, while in custody, complained of

3

chest pains and told officers that she had a heart murmur. Defendants argue that Sorrentino's testimony will be helpful to the jury's determination of three issues: first, whether Eilman could have believed she had a heart murmur; second, whether she would have made such a claim while in custody; and third, whether such a claim would have been valid had she made it. Paine does not contest that Eilman had never been diagnosed with a heart murmur and could not have known that she had one without such a diagnosis. Whether or not she would have falsely made such a claim while in custody, however, is not an inference that can be properly drawn from Sorrentino's testimony. Sorrentino can testify only that Eilman could not have truthfully claimed to have a heart murmur, and this fact is not in dispute. Finally, whether any claim of a heart murmur would have been valid is irrelevant to this litigation, as the conduct of the defendant officers can be measured only in terms of what they knew about Eilman's mental and physical health at the time that she was in custody, without the benefit of hindsight and expert review of her medical records.

Paine additionally argues that Sorrentino's proposed testimony would be unnecessarily cumulative and a waste of time because Baur, Eilman's own physician, has also offered sworn testimony that Eilman did not have a heart murmur. (*See* R. 550, Ex. D at 70.) (Deposition Testimony of Julie Baur.) It is unclear whether Baur intends to testify at trial, however. In any event, Paine has stated her agreement with the opinions offered by Sorrentino in his report, and those facts can be established by stipulation of the parties if necessary. Additional expert testimony as to a fact that is not in dispute will not assist the jury and may in fact lead to the drawing of improper inferences about Eilman's statements while in custody and improper determinations of the credibility of the eyewitnesses. *See Thompson v. City of Chicago*, 472 F.3d 444, 458 (7th Cir. 2006)

4

(allowing expert testimony on an issue about which substantial evidence had been presented "would have induced the jurors to substitute their own independent conclusions for that of the experts").

Accordingly, because Sorrentino's proposed testimony does not serve to establish a fact in dispute and is therefore irrelevant, Paine's Motion to Bar the Testimony of Matthew Sorrentino, M.D. is granted.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 25, 2010