IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN PAINE, as Guardian of the Estate of CHRISTINA ROSE EILMAN, a Disabled Person,<br><br>                Plaintiff,<br>v.<br><br>OFFICER JEFFREY JOHNSON, OFFICER, RICHARD CASON, OFFICER ROSENDO MORENO, LIEUTENANT CARSON EARNEST, SERGEANT DAVID BERGLIND, DETENTION AIDE SHARON STOKES, OFFICER TERESA WILLIAMS, DETENTION AIDE CYNTHIA HUDSON, DETENTION AIDE CATONIA QUINN, OFFICER DEBORAH MABERY, OFFICER PAMELA SMITH, OFFICER BENITA MILLER, OFFICER PAULINE HEARD, and CITY OF CHICAGO, a municipal corporation,<br><br>                Defendants. | Case No. 06 C 3173<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Paine ("Paine"), as Guardian of the Estate of Christina Rose Eilman ("Eilman"), filed this suit against the City of Chicago and various members of the Chicago Police Department (collectively, "Defendants"), alleging violations of Eilman's constitutional rights and violations of federal and Illinois law. As more fully set forth in this Court's Memorandum Opinion and Order dated February 22, 2010, Paine brings this suit on behalf of Eilman, her daughter, for injuries that Eilman incurred after the Chicago Police Department released her from custody. Paine has now moved to exclude all or parts of the proposed testimony of eight expert witnesses. Defendants have moved to exclude all or parts of the proposed testimony of seven expert witnesses.

For the reasons set forth herein, Defendants' Omnibus Motion to Exclude Certain Expert Testimony is denied as to the expert testimony of Dr. J. Craig Nelson.

## STANDARD OF REVIEW

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 ("Rule 702") and *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993) and its progeny. *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Seventh Circuit has developed a three-step admissibility analysis for expert testimony under Rule 702 and *Daubert*. *See Ervin*, 492 F.3d at 904. First, "the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education.'" *Id.* (quoting Fed.R.Evid. 702). Second, "the expert's reasoning or methodology underlying the testimony must be scientifically reliable." *Id.* (citing *Daubert*, 509 U.S. at 592-93). Courts are, however, granted "broad latitude when [they] decide[] *how* to determine reliability." *Kumho Tire Co. v. Carmichael*, 526 U.S 137, 142 (1999). Finally, the expert's testimony must be relevant, or "assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin*, 492 F.3d at 904.

## DISCUSSION

**I. Defendants' Motion to Bar the Expert Testimony of Dr. J. Craig Nelson**

Dr. J. Craig Nelson ("Nelson") is a California psychologist. His report opines that: 1) Eilman suffers from bipolar disorder; 2) Eilman was in the midst of a manic episode during the time she was in CPD custody; 3) her behavior was "recognized as abnormal" by several individuals who

2

interacted with her in Chicago; and 4) her behavior was sufficient to require psychiatric evaluation and treatment. (*See* R. 564, Ex. A, Expert Report of Dr. J. Craig Nelson, at 1.) (hereinafter "Nelson Rep.") Defendants agree that Nelson's testimony regarding Eilman's mania is generally admissible, but challenge his other opinions on qualification and relevance grounds.

**A. Qualifications**

Defendants do not challenge Nelson's qualifications to testify as a psychiatric expert. According to Nelson's forty-eight page Curriculum Vitae, Nelson is a Professor in Residence in the Department of Psychiatry at the University of California-San Francisco, and has four decades of experience as a clinical psychiatrist, researcher and professor. (*See* R. 603, Ex. A, Curriculum Vitae of J. Craig Nelson, M.D.). The Court accordingly finds him qualified on the basis of his education and extensive experience to offer expert testimony on psychiatric matters.

Defendants do, however, contest Nelson's qualifications to testify about what Defendant police officers should have done for Eilman. First, Defendants contest that Nelson lacks any law enforcement background, and thus cannot testify as to the meaning of police procedures or as to what Defendant officers should have done under applicable police procedures. Experts may not rely upon police department orders as a guide for gauging the reasonableness of police conduct. *See Thompson v. City of Chicago*, 472 F.3d 444, 449 (7th Cir. 2006). Paine concedes that Nelson will not offer opinions or commentary about specific police procedures or Defendant's compliance with such procedures; therefore, the Court need not decide whether he would hypothetically be qualified to offer such opinions.

Defendants additionally argue that Nelson is not qualified to opine that Eilman should have been taken for a psychiatric evaluation and treatment, because his opinions are based upon a legal

3

foundation that is outside his area of expertise. However, Nelson's opinion is not based upon the legal criteria governing whether a detainee can be taken for a mental evaluation, but on his psychiatric conclusion that Eilman was "unable to care for herself" and that her "behaviors with others reflected very poor judgment and put her at great risk for harmful consequences." Nelson Rep. at 10. These are not legal conclusions and are properly within Nelson's psychiatric expertise. Therefore, these opinions may be elicited at trial.

Finally, Defendants argue that Nelson is not qualified to offer the opinion that Defendant Officer Heard placed Eilman at heightened risk of harm by releasing her into a high crime area. However, this is not one of the expert opinions noted in Nelson's report or during his extensive deposition. Nelson's report does state that despite Heard's knowledge of Eilman's behavior and circumstances, Heard "nevertheless released [Eilman] to a high crime area placing her at heightened risk." (Nelson Rep. at 19.) This is not a formal expert opinion and is, at most, an observation based upon the expert opinion of another of Paine's proferred experts, Dr. Robert Sampson. Nelson himself need not be qualified as an expert in the crime rates of Chicago's neighborhoods in order to make reference to the opinions of other experts in this case.

**B. Methodology**

Defendants do not challenge the methodology by which Nelson reached his conclusions. Nelson's report reflects that his opinions are based upon his review of other depositions taken in this case, Eilman's medical records and work records, interviews by the CPD's internal affairs department, and other materials. (*See* Nelson Rep. at 1.) Nelson's reliance on these sources appears to be reasoned and reliable, particularly in light of the fact that Eilman herself is unavailable to testify regarding her experiences and behaviors in Chicago.

4

### C. Relevance

Defendants challenge Nelson's opinion that witnesses to Eilman's behavior in Chicago recognized that her behavior was abnormal and that the terms witnesses used to describe her are euphemisms for mental illness on the grounds that this opinion invades the jury's role as the sole assessor of witness meaning and credibility. Paine agrees that no expert witness should offer opinions on eyewitness credibility, but argues that Nelson's opinion is based on the terms used by the witnesses themselves, and not on any interpretation thereof.

Nelson does not offer assessments of the credibility of the witnesses who described Eilman's behavior in terms of mental illness, and does not analyze whether their descriptions of her behavior are trustworthy. Rather, he uses the terms applied to Eilman by various eyewitnesses—"acting crazy," "nutty," "not all there"—as part of the basis of his expert psychological opinion that Eilman's behavior was abnormal. Since Nelson was obviously not present for the series of events at issue in this case, he is entitled to rely upon the eyewitness observations of individuals who were, and to use those observations as part of the methodology by which he reached his expert psychiatric opinions. Nelson does not opine that the witnesses were correct to describe Eilman as mentally ill, which would constitute an impermissible credibility determination, but only states that they did describe her as such, a fact that the Defendants do not contest.

Nelson's psychiatric testimony is therefore the admissible expert opinion of a qualified psychiatric expert.

Defendants' Omnibus Motion to Exclude Certain Expert Testimony is denied as to the proposed testimony of Dr. J. Craig Nelson.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 25, 2010