IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN PAINE, as Guardian of the Estate of CHRISTINA ROSE EILMAN, a Disabled Person, <br><br> Plaintiff, <br> v. <br><br> OFFICER JEFFREY JOHNSON, OFFICER, RICHARD CASON, OFFICER ROSENDO MORENO, LIEUTENANT CARSON EARNEST, SERGEANT DAVID BERGLIND, DETENTION AIDE SHARON STOKES, OFFICER TERESA WILLIAMS, DETENTION AIDE CYNTHIA HUDSON, DETENTION AIDE CATONIA QUINN, OFFICER DEBORAH MABERY, OFFICER PAMELA SMITH, OFFICER BENITA MILLER, OFFICER PAULINE HEARD, and CITY OF CHICAGO, a municipal corporation, <br><br> Defendants. | Case No. 06-cv-3173 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Paine ("Paine"), as Guardian of the Estate of Christina Rose Eilman ("Eilman"), filed this suit against the City of Chicago and various members of the Chicago Police Department (collectively, "Defendants"), alleging violations of Eilman's constitutional rights and violations of federal and Illinois law. As more fully set forth in this Court's Memorandum Opinion and Order dated November 7, 2008, Paine brings this suit on behalf of Eilman, her daughter, for injuries that Eilman incurred after the Chicago Police Department released her from custody. Paine has now moved to exclude all or parts of the proposed testimony of eight expert witnesses. Defendants have moved to exclude all or parts of the proposed testimony of seven expert witnesses.

For the reasons stated below, Paine's Motion to Bar [the] Opinion Testimony of Daniel Kennedy, Ph.D., is denied.

## STANDARD OF REVIEW

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 ("Rule 702") and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 states: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Seventh Circuit has developed a three-step admissibility analysis for expert testimony under Rule 702 and *Daubert*. *See Ervin*, 492 F.3d at 904. First, "the witness must be qualified 'as an expert by knowledge, skill, experience, training, or education.'" *Id.* (quoting Fed.R.Evid. 702). Second, "the expert's reasoning or methodology underlying the testimony must be scientifically reliable." *Id.* (citing *Daubert*, 509 U.S. at 592-93). Courts are, however, granted "broad latitude when [they] decide[] *how* to determine reliability." *Kumho Tire Co. v. Carmichael*, 526 U.S 137, 142 (1999). Finally, the expert's testimony must be relevant, or "assist the trier of fact to understand the evidence or to determine a fact in issue." *Ervin*, 492 F.3d at 904.

## DISCUSSION

**I. Paine's Motion to Bar the Expert Testimony of Dr. Daniel Kennedy**

Dr. Daniel Kennedy ("Kennedy") is a forensic criminologist who opines that: 1) as a result of the "due process revolution," police cannot commit individuals for involuntary psychiatric evaluations merely because those individuals seem to have a mental disorder; 2) police may detain,

2

for the purpose of an involuntary psychiatric evaluation, individuals who appear to be a threat to themselves; 3) police may detain, for the purpose of an involuntary psychiatric evaluation, individuals who pose an immediate threat to others; 4) for the purpose of an involuntary psychiatric evaluation, individuals who appear to be unable to meet their basic physical needs; and 5) Eilman was not a threat to herself or others, or unable to meet her basic physical needs, during her time in Chicago Police Department ("CPD") custody. (*See* Mot. Hr'g Trans., Daniel Kennedy, at 6-7, Feb. 11, 2010.) (hereinafter "Hr'g Trans.") Paine argues that certain of his opinions should be barred as a result of Kennedy's lack of expertise in the relevant areas, and that the remainder of his opinions should be barred as they contain impermissible legal opinions.

### A. Qualifications

Paine does not contest that Kennedy is qualified to offer expert testimony in the field of forensic criminology. On the basis of Kennedy's Curriculum Vitae, the Court finds him to be so qualified. (*See* R. 612, Ex. A., Curriculum Vitae of Daniel Bruce Kennedy.)

Paine does argue, however, that he is unqualified to offer his proposed testimony as to legal issues and as to Eilman's psychiatric or psychological condition during her time in CPD custody. Defendants concur that no expert should be allowed to testify as to bare legal conclusions, and have agreed that they will not elicit testimony from Dr. Kennedy as to constitutional standards, the meaning of applicable case law, or the Americans with Disabilities Act ("ADA"). (*See* Def. Resp. at 15.) Therefore, the question of whether Kennedy is qualified to offer legal conclusions is moot.

Further, Kennedy's proposed testimony as to Eilman's mental health status during her detention is not offered from a psychological or psychiatric point of view, but falls within Kennedy's expertise in the areas of criminology and police practices for dealing with the mentally ill.

3

Kennedy's experience in the assessment of detainees' mental health needs qualifies him to offer expert testimony as to whether Eilman's behavior presented a serious medical need. (*See* Hr'g Trans. at 8-10.) Kennedy's expert conclusions in this area are properly within the scope of his past experience and expertise.

### B. Methodology

Paine does not challenge the methodology by which Kennedy reached the conclusions contained within his expert report. The report reveals that Kennedy reviewed a great deal of material in the preparation of his report, including internal investigative statements and depositions from CPD officers, relevant mental health and criminological literature, legal opinions and reports prepared by other proposed experts in this case. (*See* R. 612, Ex. B, Expert Report of Dr. Daniel B. Kennedy, at 2-3.) (hereinafter "D. Kennedy Rep.") The Court finds that this material is of a type reasonably relied upon by expert criminologists and provides a sufficient basis for Kennedy's proposed non-legal opinions. *See Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263-64 (7th Cir. 1996) (expert sociologists may properly rely on materials such as peer-reviewed articles).

### C. Relevance

Pursuant to Defendants' agreement that Kennedy will not be allowed to offer legal opinions as to constitutional law, applicable case law, or the ADA, the Court need not discuss the relevance of his legal opinions at length. As noted above, expert witnesses may not testify as to the meaning of legal standards, whether constitutional or statutory. *See Bammerlin*, 30 F.3d at 901.

The remainder of Kennedy's proposed testimony is relevant and will be helpful to the jury in understanding and applying the legal framework already set forth by this Court with respect to whether the conduct of the officers and aides in responding to Eilman's medical needs was

reasonable. (*See* R. 419, Mem. Op. & Order, at 13-14.) Whereas specific, local police standards and "the text of the CPD's General Orders . . . shed[] no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment under *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006), testimony that an officer's tactics "violated standard police practices" more generally "may . . . be deemed relevant to the reasonableness inquiry." *See Abdullahi v. City of Madison*, 423 F.3d 763, 772 (7th Cir. 2005). Indeed, *Thompson* reasons that local police orders and standards are "an unreliable gauge by which to measure the objectivity and/or reasonableness of police conduct" because "police rules, practices and regulations vary from place to place and from time to time." *See Thompson*, 472 F.3d at 455. The same concern is not implicated when an expert qualified to do so testifies as to national, standard police practices. Thus, where qualified to do so and where their testimony is otherwise relevant, experts may testify as to nationally accepted standards of police conduct, but not to policies and procedures of specific police departments. Here, relevant testimony about general police practices and procedures goes to the police administrative factors prong of the *Williams/Sides* medical needs test.

Kennedy's proposed testimony is therefore admissible and relevant, with the exception of his legal conclusions as to the meaning and applicability of constitutional, caselaw, and statutory frameworks, which are barred by agreement of the parties. Paine's Motion to Bar [the] Opinion Testimony of Daniel Kennedy, Ph.D., is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: February 26, 2010