IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN PAINE, as Conservator of the Person of CHRISTINA ROSE EILMAN, a Disabled Person, </br></br>           Plaintiff, </br></br>v. </br></br>SERGEANT DAVID BERGLIND, DETENTION AIDE SHARON STOKES, OFFICER TERESA WILLIAMS, DETENTION AIDE CYNTHIA HUDSON, DETENTION AIDE CATONIA QUINN, OFFICER PAMELA SMITH, and CITY OF CHICAGO, a municipal corporation, </br></br>           Defendants. | No. 06 C 3173 </br></br>Judge Virginia M. Kendall </br></br>Magistrate Judge Valdez |

**PLAINTIFF'S MOTION TO SETTLE CAUSE OF ACTION ON BEHALF OF CHRISTINA EILMAN AND REQUEST FOR DISMISSAL WITHOUT PREJUDICE**

Plaintiff, by and through her attorneys, Segal McCambridge Singer & Mahoney, Ltd., hereby moves this Court for leave to accept and distribute $22,500,000.00 which has been offered by Defendants, the City of Chicago, and current and former individual Defendants, Jeffrey Johnson, Richard Cason, Rosendo Moreno, Carson Earnest, David Berglind, Sharon Stokes, Theresa Williams, Cynthia Hudson, Catonia Quinn, Deborah Maybery, Pamela Smith, Benita Miller and Pauline Heard (the "Individual Defendants"), as full and complete settlement, and states as follows:

**Case Summary**

1. This Court is well aware of the legal and factual issues involved in this case, given the Court's rulings on various motions for summary judgment and pre-trial hearings that have been conducted, and Plaintiff therefore sets forth these only briefly below.

2. Plaintiff, Kathleen Paine, as Conservator of the Person of Christina Eilman, a disabled person, brought this lawsuit seeking money damages arising from injuries suffered by her daughter, Christina Eilman, on May 8, 2006. Mrs. Paine alleged that her daughter's rights, under the Constitution of the United States were violated due to the unreasonable failure of the individual defendant Chicago police officers and detention aides to provide Ms. Eilman with access to medical care, and specifically access to mental health care, while she was in their custody on May 7th and 8th, 2006. Plaintiff further alleged that the City of Chicago, through its police department employees, failed to provide Christina Eilman with a reasonable accommodation in the form of access to mental health care, and thereby violated the Americans with Disabilities Act.

3. As a result of this incident, Christina Eilman sustained severe injuries, including cervical and lumber spine fractures, pelvis and ankle fractures, collapsed lungs, bleeding in her brain and traumatic brain injury. Due to these injuries, she now requires 24-hour care and supervision with estimated future life care expenses over $17,000,000.00.

**The Probate Proceedings**

4. On July 5, 2006, Kathleen Paine was appointed the plenary guardian of the estate and person of Christina Eilman.

5. On March 15, 2010, Kathleen Paine was appointed the conservator of the person of Christina Eilman in California, where both Kathleen Paine and Christina Eilman were residing.

6. On October 4, 2010, Kathleen Paine was discharged as the guardian of the person for Christina Eilman in Illinois, as it was no longer necessary for Kathleen Paine to have an appointment of guardianship over Christina Eilman's person here in Illinois.

7. On December 27, 2012, the Northern Trust Company was appointed as successor guardian of the estate of Christina Eilman.

8. Plaintiff brings this Motion pursuant to Local Rule 17.1, which states, "Any proposed settlement of an action brought by or on behalf of an infant or incompetent shall not become final without written approval by the court in the form of an order, judgment or decree. The court may authorize payment of reasonable attorney's fees and expenses from the amount realized in such an action."

### Settlement with the City of Chicago and the Individual Defendants

9. The parties engaged in two formal mediation sessions in this case and ten days before trial, Plaintiff, the City of Chicago and the Individual Defendants reached an agreement to settle this lawsuit for $22,500,000.00.

10. These settlement negotiations were conducted with the facilitation of this Court as well as a private mediator.

11. Based upon the following facts and circumstances of this case, of which this list is not exclusive, Plaintiff and her attorneys have agreed that the settlement offer of $22,500,000.00 is fair and reasonable and recommend it to the Court:

- This case had numerous complicated factual and legal issues, which included four motions for summary judgment.
- This case was appealed to the Seventh Circuit Court of Appeals, resulting in the filing of multiple briefs.
- Further proceedings were held on the motions for summary judgment following the Seventh Circuit's decision.
- Plaintiff's counsel litigated this case for over 6 years before settling. Discovery included 134 depositions, 54 which were out-of-state. Plaintiff's counsel retained 8 experts on behalf of Plaintiff in disciplines including police practices, sociology, psychology, psychiatry, neuropsychology, rehabilitation medicine, life care planning and economics. These experts prepared reports and were produced for

       deposition. Defense counsel retained and disclosed 12 experts, all of whom were deposed.

- Plaintiff's counsel participated in lengthy *Daubert* evidentiary hearings regarding 3 defense experts and 3 experts retained by Plaintiff.

- Plaintiff's counsel engaged in extensive trial preparation, on two separate occasions, including the preparation of two final pretrial orders that consisted of jury instructions, motions *in limine* and deposition designations

12. This settlement is believed to be the highest settlement paid to a single plaintiff by the City of Chicago in a case involving the Chicago Police Department.

13. This settlement was approved by the Chicago City Council on January 17, 2013.

14. Plaintiff states that the proposed settlement has been fully explained to her and she understands the terms of the settlement agreement. *See* Affidavit of Kathleen Paine, attached hereto as Exhibit A.

## Distribution and Allocation of Settlement Funds

15. A copy of the proposed court order approving the settlement is attached as Exhibit B.

16. A structured settlement annuity in the amount of $7,500,000 shall be purchased by BHG Structured Settlements, Inc. on behalf of the Defendant/Insurer. Periodic payments will be issued by Berkshire Hathaway Life Insurance Company of Nebraska (rated A++ (Superior) by A.M. Best). Please see the attached Exhibit C (FINAL Plan) for specific benefits/terms of this structured settlement annuity to be payable to <u>The Northern Trust Company as Guardian of the Estate for Christina Rose Eilman, A Disabled Person and/or Court appointed Trustee of the Trust</u>.

17. Plaintiff asks this Court to approve the payment of attorneys' fees attributable to the preparation of this lawsuit in the amount of $7,500,000.00, which represents a one-third contingency fee for Plaintiff's counsel.

18. Plaintiff requests this Court approve the reimbursement of expenses incurred in the litigation of this case in the amount of $804,838.88. The major expenses are summarized as follows:

| Court Fees | $14,580.68 |
| Depositions | $153,609.70 |
| Experts | $419,283.35 |
| Miscellaneous Case Handling Fees (investigation, research, record, collections, trial exhibits, copying) | $160,951.73 |
| Travel | $49,313.42 |
| Witness Fees | $7,100.00 |

*See* Exhibit D, Affidavit of Connie Vann. A detailed expense report can be provided to the Court for *in camera* inspection upon request.

19. The liens for Illinois Department of Healthcare and Family Services, Medicare and California Department of Health Care Services are currently being negotiated. Plaintiff requests that the full amount of these liens be set aside in the Segal McCambridge client trust account to be held until their final resolution, with any balance of any negotiated lien to be sent to the Northern Trust Company as Guardian of the Estate of Christina Eilman.

20. Accordingly, Plaintiff requests that the settlement proceeds be allocated and distributed as follows:

| Name | Description | Amount |
|---|---|---|
| BHG Structured Settlements, Inc. | Structured settlement annuity with payee as follows: The Northern Trust Company as Guardian of the Estate for Christina Rose Eilman, A Disabled Person and/or Court appointed Trustee of the Trust | $7,500,000.00 |

5

| Name | Description | Amount |
|---|---|---|
| Segal McCambridge Singer & Mahoney, Ltd. | attorney's fee | $7,500,000.00 |
| Segal McCambridge Singer & Mahoney, Ltd. | case expenses | $804,838.88 |
| Illinois Victim's Compensation Fund | lien (adjudicated) | $27,000.00 |
| Rehabilitation Institute of Chicago | lien (adjudicated) | $207,582.82 |
| Illinois Department of Healthcare and Family Services | lien | $156,250.00 |
| Medicare | lien (conditional payment amount as of 1/17/13) | $11,286.74 |
| California Department of Health Care Services | lien | $22,967.75 |
| The Northern Trust Company as Guardian of the Estate of Christina Rose Eilman | Payment to Christina Eilman estate | $6,270,073.81 |

21. Upon approval of this proposed settlement, Plaintiff requests this Court dismiss without prejudice all claims against Defendants. Plaintiff further requests leave to reinstate this dismissal on or before April 8, 2013 for the sole purpose of enforcing this Settlement Agreement and Release, if necessary. In the event a motion to reinstate is not filed on or before April 8, 2013, this dismissal shall be with prejudice.

WHEREFORE, Plaintiff respectfully requests this Court approve the instant settlement and distribution as set forth above and dismiss this case without prejudice.

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

/s/ Jeffrey Singer
   Jeffrey Singer, Esq.
   Kimberly A. Kayiwa, Esq.
   Misty R. Martin, Esq.
   Segal McCambridge Singer & Mahoney, Ltd.
   233 S. Wacker Drive - Suite 5500
   Chicago, Illinois 60606
   (312) 645-7800
   **One of the Attorneys for Plaintiffs**

#3437360.1